IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| **SOUTHERN APPALACHIAN MOUNTAIN STEWARDS, ET AL.,** | ) ) ) |
| Plaintiffs, | ) Case No. 2:12CV00020 ) |
| v. | ) **OPINION AND ORDER** ) |
| **PENN VIRGINIA OPERATING CO., LLC,** | ) By: James P. Jones ) United States District Judge ) |
| Defendant. | ) |

*Isak Howell, Appalachian Mountain Advocates, Lewisburg, West Virginia, for Plaintiffs; James S. Crockett, Jr., and J.C. Wilkinson, Spilman Thomas & Battle, PLLC, Charleston, West Virginia, for Defendant.*

In this action filed pursuant to the Clean Water Act ("CWA"), 33 U.S.C.A. §§ 1251-1387 (West 2001 & Supp. 2012), seeking redress against a landowner for discharges from coal mine "gob piles," I will deny for the following reasons the defendant's motion to dismiss for failure to state a claim.

I

The plaintiffs, Southern Appalachian Mountain Stewards, the Sierra Club, and Appalachian Voices, commenced this action by filing their Complaint, to which the defendant, Penn Virginia Operating Company, LLC ("Penn Virginia"), responded by filing a Motion to Dismiss. The plaintiffs then filed an Amended

Complaint containing additional allegations. Penn Virginia again responded by filing a second Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). This latest motion has been fully briefed and is ripe for decision.

The following facts are taken from the Amended Complaint, which I must accept as true for the purpose of deciding the motion.

Penn Virginia owns or controls seven property sites that contain what are known as gob piles. Gob piles are piles of waste comprised of coal mixed with mining byproducts. Gob piles in the eastern United States are usually large, concentrated piles that may contain many thousands of tons of waste. Older gob piles tend to contain a higher burnable coal content than newer piles, and these older piles tend to cause more pollution in nearby waterways. Gob piles usually contain pollutants that will be discharged for many decades unless the piles are removed or subject to professional reclamation. Gob piles are typically located either at a stream or on a hillside just above a stream. When a gob pile is located on a hill, erosion often creates a gully running from the gob pile to the stream, and the gully becomes a point source that channels pollutants into the stream. When a gob pile is located at the stream, the toe of the gob pile is itself a point source that releases pollutants into the stream. Gob piles collect rain and surface water and slowly release the water, along with heavy metals and pollutants, into adjacent

waterways, usually creating erosion, sedimentation, and adverse chemical content in the streams.

In 2011, Maggard Branch Coal, LLC, produced a written report ("Maggard Branch Report") in connection with mitigation requirements related to one of its mines. The report described seven separate gob pile sites containing point sources that are discharging pollutants into streams located on each site. According to the Maggard Branch Report, its authors or their agents visited and documented all of the sites that are the subject of this case in 2011. The gob pile sites are associated with mining activities that took place prior to the enactment of the Surface Mining Control and Reclamation Act, 30 U.S.C.A. §§ 1201-1328 (West 2007 & Supp. 2012). Penn Virginia owns or controls the previously mined areas as well as each of the seven gob pile sites. The Amended Complaint and its attachments provide descriptions of each gob pile site, photographs, and allegations regarding discharges from the gob piles into specified bodies of water. In total, the seven sites contain fourteen point sources that are discharging pollutants into specifically identified waters of the United States. Penn Virginia does not have the permits required under the CWA to discharge pollutants from these point sources. The plaintiffs assert that Penn Virginia is thus violating the CWA, and they request civil penalties, injunctive relief, and attorneys' fees and costs.

On April 18, 2012, the plaintiffs sent a letter to Penn Virginia, the United States Environmental Protection Agency ("USEPA"), and the Virginia Department of Environmental Quality, notifying them of their intent to file suit under the CWA ("NOI letter"). No government agency has commenced any civil, criminal, or administrative action related to the gob piles at issue.

Penn Virginia asserts that these allegations are insufficient to state a plausible claim for relief under the CWA. For the following reasons, I disagree.

II

Under federal pleading standards, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not require detailed factual allegations, but it does require that a pleading have more than bald allegations unsupported by facts. *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). At this stage in the proceedings, the court must take all factual allegations as true. *Id.* at 678. Although the court does not generally consider matters outside the pleadings upon a motion to dismiss, the court may consider documents that are attached to or referenced in the complaint. *See Moore v. Flagstar Bank,* 6 F. Supp. 2d 496, 500 (E.D. Va. 1997). A complaint must contain enough facts to state a claim that is "plausible on its face," meaning that it

shows more than the speculative possibility of the defendant's liability. *Iqbal,* 556 U.S. at 678.

The federal pleading standards, however, do not require that a complaint meet the burden of proof required for summary judgment. As the Court noted in *Twombly,* "[a]sking for plausible grounds to infer" the existence of a claim "does not impose a probability requirement at the pleading stage." 550 U.S. at 556. Even under the heightened pleading requirements articulated in *Iqbal* and *Twombly*, a complaint filed in federal court does not have to allege all the facts that could permit the plaintiff to obtain relief. The plausibility standard "simply calls for enough fact to raise a reasonable expectation that discovery" will lead to information supporting the plaintiffs' claim. *Twombly,* 550 U.S. at 556. In evaluating the sufficiency of the plaintiffs' Amended Complaint, I am to draw upon my judicial experience and common sense. *Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 287 (4th Cir. 2012). To satisfy the standard set forth in *Iqbal* and *Twombly*, the plaintiffs' Amended Complaint must allege sufficient facts that permit the plausible inference that Penn Virginia discharged pollutants without a permit in violation of the CWA.

The CWA broadly bans "the discharge of any pollutant by any person," subject to some exceptions. 33 U.S.C.A. § 1311(a). The statute contains no causation requirement; in other words, it is not a defense that a person currently

discharging pollutants did not initially cause the discharge. *W. Va. Highlands Conservancy, Inc. v. Huffman*, 625 F.3d 159, 167 (4th Cir. 2010). The CWA defines "discharge of a pollutant" to include "any addition of any pollutant to navigable waters from any point source." 33 U.S.C.A. § 1362(12). A point source is "any discernible, confined and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel, conduit, well, discrete fissure, container, rolling stock, concentrated animal feeding operation, or vessel or other floating craft, from which pollutants are or may be discharged." 33 U.S.C.A. § 1362(14). "Navigable waters" are "the waters of the United States." 33 U.S.C.A. § 1362(7).

The discharge of pollutants is not uncommon in the mining industry, however, and mining companies can apply to the USEPA for permits that will allow them to discharge pollutants in limited amounts. *See* 33 U.S.C.A. § 1342; *W. Va. Highlands Conservancy*, 625 F.3d at 162, 166; *Piney Run Pres. Ass'n v. Cnty. Comm'rs of Carroll Cnty., Md.*, 523 F.3d 453, 456 (4th Cir. 2008).

The CWA allows citizens' suits to enforce its requirements where plaintiffs have provided adequate notice to the defendants and the appropriate governmental agencies, and the agencies have not commenced any civil, criminal, or regulatory action within a prescribed time period. 33 U.S.C.A. § 1365. The provision of adequate notice "is a mandatory condition precedent to filing suit under the [CWA]." *Friends of the Earth, Inc. v. Gaston Coppery Recycling Corp.*, 629 F.3d

387, 400 (4th Cir. 2011).  Based on the above-cited statutory language, a claim under the CWA requires the following elements: (1) the defendant is a person under the CWA; (2) the defendant is adding pollutants to the waters of the United States; (3) those pollutants are being released from a point source; and (4) the defendant either does not have a permit for the discharge of pollutants from the point source, or the defendant does have a permit but is violating the permit.  33 U.S.C.A. §§ 1311, 1342, 1362.  To survive a Rule 12(b)(6) motion to dismiss, plaintiffs must plead enough facts to plausibly establish each of those elements.

    Contrary to Penn Virginia's assertions, this is not a case where the plaintiffs have made bare recitations of the legal elements of the cause of action.  The Amended Complaint alleges numerous facts regarding the gob pile sites and sufficiently pleads each element necessary under the CWA.

    Penn Virginia argues that many of the plaintiffs' allegations are not facts because the plaintiffs have based the allegations on the Maggard Branch Report rather than on personal observations or knowledge.  This argument, however, properly goes to the sufficiency and weight of the evidence, and not to the facial plausibility of the Amended Complaint.  When deciding a motion to dismiss for failure to state a claim, the inquiry is whether the plaintiffs have set forth enough facts to convince me, aided by my judicial experience and common sense, that it is plausible that the defendant has committed a violation of the CWA and the

plaintiffs are thus entitled to relief. The plaintiffs' Amended Complaint states sufficient factual allegations to "nudge[] their claims across the line from conceivable to plausible." *See Twombly*, 550 U.S. at 570.

In addition to attacking the facial plausibility of the Amended Complaint, Penn Virginia also argues that the Amended Complaint should be dismissed because the NOI letter was inadequate. According to Penn Virginia, because the NOI letter was based primarily on the Maggard Branch Report, the plaintiffs' inclusion of additional photographs and factual allegations in the Amended Complaint is improper, as these materials go beyond the information in the Maggard Branch Report.

Despite Penn Virginia's contention, the plaintiffs are not limited in their Amended Complaint to the four corners of the Maggard Branch Report. The plaintiffs have not alleged any new gob pile sites beyond those mentioned in the Maggard Branch Report, which was enclosed with the NOI letter. The NOI letter included sufficient allegations to give Penn Virginia notice of the alleged violations, and it complied with the regulatory requirements.[1] The notice need not

---

[1] The applicable regulation provides:

> Notice regarding an alleged violation of an effluent standard or limitation or of an order with respect thereto, shall include sufficient information to permit the recipient to identify the specific standard, limitation, or order alleged to have been violated, the activity alleged

"list every specific aspect or detail of every alleged violation." *Friends of the Earth*, 629 F.3d at 400. The purpose of the notice requirement is to "provide the alleged violator with enough information to attempt to correct the violation and avert the citizen suit." *Id.* The Amended Complaint does not allege any new violations beyond those asserted in the NOI letter. The NOI letter was sufficient to meet the requirements of the CWA's notice provisions. *See* 33 U.S.C.A. § 1365. Dismissal is not warranted on this basis.

### III

For the foregoing reasons, it is **ORDERED** that the defendant's Motion to Dismiss Plaintiffs' First Amended Complaint (ECF No. 14) is DENIED.

        ENTER: January 3, 2013

        /s/ James P. Jones
        United States District Judge

---

    to constitute a violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name, address, and telephone number of the person giving notice.

40 C.F.R. § 135.3(a) (2012).